JOHN S. ALMOND, Appellant, v. GEO. W. MILLER, Respondent.

St. Louis Court of Appeals, March 13, 1900.

1. **Conversion: REPLEVIN: QUESTION FOR THE JURY.** If the respondent failed to recover by judgment all the property replevied by him in a former suit against appellant, that question should have been submitted to the jury since respondent would be entitled to a verdict for the value thereof.

2. ———: ———: NOT RES ADJUDICATA. The judgment in the former suit of replevin does not conclude him as to any property which the plaintiff in that action did not recover. The measure of the recovery of the plaintiff in that action was the specification contained in the verdict in his favor, rendered by the jury, from which no appeal was taken, and which became thereafter as to such specification of property, *res adjudicata*.

3. ———: ———: ———: PEREMPTORY INSTRUCTION; ERROR. For the error of the court in directing a verdict in this action in favor of respondent, its judgment is reversed and cause remanded.

Appeal from the Greene Circuit Court. —*Hon. James Tilford Neville,* Judge.

REVERSED AND REMANDED.

*O. T. Hamlin* for appellant.

When respondent filed his amended affidavit before David Ferguson, justice of the peace, November 28, and failed to claim the right of possession of the two shotes, that was a dismissal as to them, and an admission upon his part that he was not entitled to possession of them at the institution of this suit. He refused, after suit was brought and he had possession of the shotes, to deliver them to appellant when demanded, and that makes him liable in conversion. "The unlawful withholding of the property of another against his demand, is conversion, whether the party holding it intends to make the property his own or not." Sherman v. Commercial Printing Co., 29 Mo. App. 31. That act alone made respondent liable for conversion of said shotes. "Any wrongful taking, or assumption of a right to control or dispose of property, constitutes a commission." Allen v. McMonagle, 77 Mo. 478. "Any wrongful act, which negatives or is inconsistent with the plaintiff's right is, *per se,* a conversion." Williams v. Wall, 60 Mo. 318; State v. Berming, 74 Mo. 87. The doctrine now is that any taking or assumption of a right to control or dispose of property constitutes a commission. Warnick v. Baker, 42 Mo. App. 439. Respondent is liable whether he intentionally converted the property or not. The element of wrongdoing is not necessary to the maintenance of this action. The Waverly Timber & Iron Co. v. The St. Louis Cooperage Co., 112 Mo. 383. The justice could only render a judgment for the property mentioned in the verdict. The jury found respondent's interest in the property replevied and the judgment is right and proper, be-

ing based on the verdict. R. S. 1899, sec. 6184. The verdict and judgment should be taken together, in this case they specify the property given Miller as they should. Hamilton v. Clark, 25 Mo. App. 428. If the jury fail to make a finding as to all the property and only found that Miller was entitled to a portion (he being plaintiff) the remainder goes back to the defendant. This suit in conversion is the same as one brought on the replevin bond. And a suit on the bond would be for the property not mentioned in the verdict because the condition of the bond is that the plaintiff will prosecute his action with effect which means to success. Berghoff v. Heckwolf, 26 Mo. 511; Elliott v. Black, 45 Mo. 372. The failure of the jury to award respondent all the property described in his complaint is not prosecuting the cause to effect. Berghoff v. Heckwolf, 26 Mo. 511.

*J. A. Moon* and *Lincoln & Lydy* for respondent.

(1) The verdict in the replevin suit is a general verdict. Where the plaintiff is in possession of the property, a verdict, "We, the jury, find the issues for the plaintiff," is good and is expressly so held. Garth v. Caldwell, 72 Mo. loc. cit. 628. (2) The judgment in the replevin suit is a bar to this action. Speaking of replevin, the supreme court says: "When a trial is had, it was intended, that all matters growing out of the controversy, should finally be determined in one and the same suit. The object was to prevent a multiplicity of suits, and prevent the practice of trying one-half of the cause before one jury, and then resort to another suit, to try the remainder of the cause before another jury, which would unnecessarily harass parties and produce needless litigation and costs." White v. Van Houten, 51 Mo. 577; Ewald v. Wabrhout, 37 Mo. 602; Short v. Taylor, 137 Mo. 517. The form of the action is immaterial. Railroad v. Traube, 59 Mo. 355.

BOND, J.—This is an action for conversion begun before a justice of the peace to recover the value of two shotes, one double set of harness, one wagon and 260 bushels of corn. On the trial the court directed a verdict for defendant. Plaintiff appealed.

This suit grows out of the following transaction: The defendant in this case was the plaintiff in the former action of replevin brought before a justice against the present plaintiff. In that case there was a verdict and judgment awarding to the plaintiff therein the possession of the following property: Fourteen head of fat hogs; one dark brindle cow, four years old; one sorrel horse, five years old, and about eight bushels of corn. On the trial of the present action there was evidence tending to show that some of the personal property sued for was delivered to the defendant by virtue of the process taken out in his former action against the plaintiff. There was also evidence tending to show that at the conclusion of the former trial the present plaintiff demanded of defendant (who was plaintiff herein) the return of that portion of the property which had not been awarded to him by the verdict of the jury, and that this demand was refused. This evidence entitled the plaintiff in this action to go to the jury. The judgment in the former action of replevin does not conclude him as to any property which the plaintiff in that action did not recover. The measure of the recovery of the plaintiff in that action was the specification contained in the verdict in his favor rendered by the jury, from which no appeal was taken, and which became, therefore, an adjudication binding on the parties to that suit, to the extent—and no further—to which the plaintiff therein recovered.

For the error of the court in directing a verdict in this action in favor of the defendant, its judgment is reversed and the cause remanded. All concur.